CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ANDREW PAULSON (CABN 267095)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    andrew.paulson@usdoj.gov

Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:25-cr-00408-JSW |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| JOSE ALFARO GAMERO, | Date: May 19, 2026<br>Time: 1:00 p.m.<br>Court: Honorable Jeffrey S. White |
| Defendant. | |

## I.    INTRODUCTION

On August 6, 2024, the Court sentenced Jose Alfaro Gamero to 15 months in prison following his convictions for two counts of destruction of government property and two counts of assault on a federal officer, which stemmed from his violent resistance to his arrest by federal agents. After serving that sentence, Gamero was removed to his home country, Costa Rica. Only a few months later, Gamero was pulled over in Newark, California, driving without a valid license. About a month after that, police in Davis, California arrested Gamero for a domestic violence incident involving his pregnant partner. On March 24, 2026, Gamero pleaded guilty to one count of Illegal Reentry Following Removal in violation of 8 U.S.C. § 1326(a) and (b)(1). The parties have agreed that a fair and appropriate sentence in this case is 11 months' confinement and three years' supervised release.

## II.   OFFENSE CONDUCT AND SENTENCING GUIDELINES CALCULATION

### A.  Gamero Illegally Reenters the United States Almost Immediately After His Removal

Prior to his removal, in 2024, Gamero had accumulated a lengthy criminal history, including March 2023 convictions in state court for Evading a Peace Officer: Disregard Safety in violation of California Vehicle Code § 2800.2 and Obstructing/Resisting an Executive Officer in violation of California Penal Code § 69.  Both convictions were felony convictions.  As a result of these convictions, he was sentenced to 44 months' imprisonment.  Then, on May 7, 2024, Gamero was convicted in this Court of two misdemeanor counts of Simple Assault on a Federal Officer in violation of 18 U.S.C. § 111(a)(1) and two felony counts of Destruction of Government Property in violation of 18 U.S.C. § 1361.  *See United States v. Gamero,* Northern District of California Case No. 4:22-cr-00138-JSW.  As a result of those convictions, on August 8, 2024, this Court sentenced him to 15 months' imprisonment and three years' supervised release.

Gamero was released from the custody of the Federal Bureau of Prisons (BOP) on September 11, 2024, and transferred to the custody of Immigration and Customs Enforcement (ICE).  On September 17, 2024, a federal immigration judge issued a valid order for his removal to Costa Rica, the country where he was born and is a citizen.  Gamero was ultimately removed to Costa Rica on November 12, 2024.

Only a few months later, Gamero had illegally returned to the United States.  On June 10, 2025, Newark Police Department officers pulled him over for driving a vehicle with an expired registration.  At the time, Gamero did not have a valid drivers' license because his drivers' license had been suspended following a misdemeanor conviction he previously received for driving a vehicle under the influence of alcohol.  Officers issued him a citation for driving with a suspended license in violation of California Vehicle Code § 14601.2(a) and let him go.

On July 26, 2025, police in Davis arrested Gamero for a domestic violence incident involving his pregnant girlfriend.  PSR ¶ 47.  According to the police report, after a day of drinking, Gamero's partner attempted to stop him from driving away in her vehicle.  She began pulling Gamero's shirt, and he responded by kicking her twice in the stomach (she was three months pregnant at the time).  She continued to try to get Gamero not to drive away, and he eventually shut the car door on her hand.  Officers observed bruising and swelling on her hand.  When officers arrived on scene, Gamero ran away and jumped over a

fence and sat down near a church. After several minutes of officers giving Gamero verbal commands to surrender, he finally did. Once inside the officer's patrol vehicle, Gamero began throwing up. He refused medical attention and refused to provide officers with his information.

Gamero was transferred to federal custody on November 3, 2025, and had his initial Rule 5 appearance in the Eastern District of California that same day. He was detained and transferred to this district, where he had his initial appearance on the Form 12 in the prior case on November 12, 2025. After a detention hearing, Gamero was detained. He pleaded guilty on March 24, 2026, to one count of Illegal Reentry Following Removal.

**B. The PSR Accurately Calculates the Offense Level**

The government agrees with the offense level as set forth in the PSR, which matches that agreed to by the parties in the Plea Agreement. PSR ¶¶ 14-23. The PSR calculates the offense level as follows:

| Count 1: Illegal Reentry Following Removal (8 U.S.C. §§ 1326(a) and (b)(1)) | | |
|---|---|---|
| | **U.S.S.G. Section** | **Level/Points** |
| Base offense level | § 2L1.2 | 8 |
| Specific Offense Characteristic:<br>- Conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was two years or more | § 2L1.2(b)(2)(B) | +8 |
| Acceptance of responsibility | § 3E1.1(a) | -3 |
| **Total offense level** | | **13** |

**C. Gamero is a Criminal History Category VI**

The government also agrees with Probation that Gamero is a Criminal History Category (CHC) VI. Based on the government's calculations, Gamero's multiple misdemeanor and felony convictions as well as the fact that he committed the instant offense while he was under supervision in this case, gives him a criminal history score of 13, which yields a CHC of VI. The PSR contains three purported two-point convictions in paragraphs 33 through 35 that were not listed in the PSR in the prior case even though those convictions supposedly occurred prior to the finalization of the prior PSR. The conviction listed in paragraph 33, for example, was previously listed as an "arrest only." S*ee United States v. Jose Alfaro Gamero*, Case No. 4:22-cr-00138-JSW, PSR ¶ 80 (the "Prior PSR"). Similarly, the conviction listed in paragraph 34 may have previously been listed as "no charges filed," though it is unclear because the statute

charged matches (Cal. Penal Code § 653m—Annoying Phone Call: Obscene/Threat), but the dates do not. *See* Prior PSR ¶ 83. The government did not find a corresponding entry in the Prior PSR for the conviction listed in paragraph 35. In any event, even if the Court disregards these three purported convictions, which add a total of six points to Gamero's criminal history score, Gamero is still a CHC VI.

The applicable Guidelines range for offense level 13 and CHC VI is 33-41 months' imprisonment. *Id.* ¶ 90.

## III.   SENTENCING RECOMMENDATION

### A.  Legal Standard

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in § 3553(a). *Id.* at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider the following factors, among others: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (5) the need to provide restitution to any victims of the offense.

### B.  The Parties' Joint Recommended Sentence of 11 Months is the Appropriate Disposition

The seriousness of the offense, the history and characteristics of the defendant, and the need for specific and general deterrence all support the parties' joint recommendation of 11 months' imprisonment. In this case, Gamero was removed from the United States in November 2024 after serving his sentence on the prior case before this Court, and then almost immediately illegally returned to the United States. And when he returned, he engaged in yet more criminal conduct. On June 10, 2025, he was caught driving without a valid license, which had been suspended due to a previous DUI. About six weeks later, he was

once again arrested after kicking his pregnant partner in the stomach multiple times as she attempted to prevent him from once again driving drunk.

Despite all this, the government is hopeful that this case will serve as a wake-up call. By the time of sentencing in this case, Gamero will have already been in state and then federal custody for about 10 months.[1] It is the government's understanding that Gamero's partner recently gave birth, and that he has expressed his intent to return to Costa Rica as soon as possible so that he can start being a father to his new child. The 11-month sentence that the parties have agreed on balances the need for accountability while understanding that Gamero will be removed from the United States to Costa Rica where he can begin to build a new life with his partner and child.

**IV.    CONCLUSION**

For the foregoing reasons, the United States recommends that the Court sentence Gamero to 11 months' imprisonment and three years' supervised

release. DATED: May 12, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Andrew Paulson*
ANDREW PAULSON
Assistant United States Attorney

---

[1] On May 19, 2026, Gamero will have served five months and 16 days in federal custody.

U.S. Sentencing Memorandum
4:25-cr-00408-JSW

5